PENACHIO MALARA LLP
235 Main Street
White Plains, NY 10601
(914) 946-2889
Anne Penachio, Esq.

HEARING DATE and TIME:
NOVEMBER 13, 2017 AT 10:00 AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
In re

1201 PLEASANTVILLE ROAD RESTAURANT HOLDING
GROUP, LLC d/b/a CHATTERBOX 54,

CHAPTER 11

CASE NO.: 17-22743-rdd

Debtor.
------------------------------------------------X

**NOTICE OF HEARING ON THE DEBTOR'S MOTION FOR AN ORDER GRANTING ITS APPLICATION TO ASSUME ITS NON-RESIDENTIAL REAL PROPERTY LEASE WITH SULLIVAN ASSOCIATES INC. UNDER § 11 U.S.C. §365(a) AND FOR SUCH OTHER AND FURTHER RELIEF AS MAY BE PROPER**

**PLEASE TAKE NOTICE**, that a hearing on the Debtor's Motion to assume its non-residential real property lease with **SULLIVAN ASSOCIATES INC.** pursuant to Section 365(a) of the Bankruptcy Code will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601 on November 13, 2017 at 10:00 AM.

**PLEASE TAKE FURTHER NOTICE** that a copy of the application is available on the Bankruptcy Court's website, www.nysb.uscourts.gov or from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the application must be made in writing, comply with the Bankruptcy Rules and Local Rules of this Court, be filed with the Clerk of the Bankruptcy Court and delivered to the Chambers of the Honorable Robert D. Drain and served upon the undersigned so that it is received not later than seven (7) days prior to the return date.

Dated: White Plains, New York
September 15 2017

**Respectfully submitted,**

**PENACHIO MALARA LLP**

By: /s/ Anne Penachio
Anne Penachio
Counsel for Debtor
235 Main Street, Suite 610
White Plains, New York 10601
(914) 946-2889 (Telephone)
(914) 946-2882 (Facsimile)

PENACHIO MALARA LLP  
235 Main Street  
White Plains, NY 10601  
(914) 946-2889  
Anne Penachio, Esq.

HEARING DATE and TIME:  
NOVEMBER 13, 2017 AT 10:00 AM

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------X  
In re

1201 PLEASANTVILLE ROAD RESTAURANT HOLDING  
GROUP, LLC d/b/a CHATTERBOX 54,

CHAPTER 11

CASE NO.: 17-22743-rdd

Debtor.  
---------------------------------------------X

**THE DEBTOR'S MOTION FOR AN ORDER GRANTING ITS APPLICATION TO ASSUME ITS NON-RESIDENTIAL REAL PROPERTY LEASE WITH SULLIVAN ASSOCIATES INC. UNDER § 11 U.S.C. §365(a) AND FOR SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST AND PROPER**

The application of **1201 PLEASANTVILLE ROAD RESTAURANT HOLDING GROUP, LLC d/b/a CHATTERBOX 54**, the Debtor and Debtor-in-Possession (the "Debtor"), by its attorneys **PENACHIO MALARA LLP**, to assume its non-residential real property lease with **SULLIVAN ASSOCIATES INC.**, the Debtor's landlord (the "Landlord") under 11 U.S.C. §365(a) and for such other and further relief as may be just and proper respectfully represents, as follows:

### I. BACKGROUND

1. On May 18, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code.

2. Since the filing, the Debtor has continued the management of its business as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors or other statutory committee and no trustee or examiner has been appointed in this case.

4. The Debtor is a New York corporation with its principal place of business at 1201 Pleasantville Road, Briarcliff Manor, NY 10504 (the "Premises").

1

5. The Debtor occupies the Premises pursuant to a written lease agreement with the Landlord dated February 1, 2015 (the "Lease"). A copy of the Lease is annexed hereto as <u>Exhibit A</u>.

6. From the Premises, the Debtor operates an upscale restaurant.

7. The Premises is centrally located, convenient to major roads in close proximity to businesses and homes that it services.

8. The Debtor currently has approximately four (4) employees.

9. The Debtor had been experiencing financial reverses for the past two (2) years as a result primarily of a dispute between the Debtor's current principal and a former business partner, Berdj Stepanian ("Stepanian").

10. The Debtor is exploring resolving Stepanian's claim.

11. Notwithstanding its financial troubles, the Debtor has remained current with obligations under the Lease.

### The Start of the Debtor's Business, the Lease and the Landlord

12. The Lease term is five (5) years (through or about January 2020). There is a five (5) year option to renew.

13. The base monthly rent is approximately $4,250.00.

14. The Debtor has spent considerable time and funds upgrading the Premises.

### STATUS OF CHAPTER 11 CASE AND LEASE OBLIGATIONS

15. The Debtor is current with its obligations under the Lease.

16. The Debtor's principal appeared at the meeting of creditors. Documents requested by the Office of the United States Trustee, such as insurance certificates and proof of D.I.P. account, have been produced. Operating reports have been filed.

17. The Debtor's goal is to resolve the claim of Stepanian, formulate a small business plan, which would be funded with funds generated from operations, an infusion of capital, or a refinancing of its debt.

## II. RELIEF REQUESTED HEREIN

18. By the Application, the Debtor seeks an order from this Court permitting it to assume the Lease under 11 U.S.C. §365(a) of the Bankruptcy Code.

## III. JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

19. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 134 and the "Standing Order of Referral of Cases to Bankruptcy Judges" dated July 10, 1984 (Ward, Acting C.J.). The statutory predicates for the relief sought herein are Sections 105 and 365 of the Bankruptcy Code, Rules 9006 and 9024 of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

## IV. THE APPLICATION SHOULD BE GRANTED

20. Pursuant to 11 U.S.C. § 365(d)(4), a debtor must assume or reject unexpired non-residential real property leases within one hundred and twenty (120) days of the filing of its bankruptcy petition. However, this time period may be extended for "cause" for ninety (90) days.

21. In the instant case, the Court should approve the Debtor's request to assume the Lease for the following reasons:

    (i) It is current with its obligation thereunder

    (ii) It requires the Premises to operate its business;

    (iii) There is a significant amount of time remaining on the Lease; and

3

(iv)     The Lease is not unduly burdensome for the Debtor.

## V. NOTICE AND WAIVER OF MEMO OF LAW

22.     Notice and a copy of the Application have been served on the Office of the United States Trustee, creditors, the Landlord, counsel for the Landlord, and all parties who have filed a notice of appearance and request for service of papers. It is respectfully submitted that such service is appropriate under the circumstances.

23.     Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE**, it is respectfully requested that this Court grant the relief requested herein and approve the assumption of the Lease and grant such other and further relief as may be appropriate.

Dated: White Plains, New York
       September 15, 2017

**Respectfully submitted,**

**PENACHIO MALARA LLP**
By:     /s/ Anne Penachio
Anne Penachio
Counsel for Debtor
235 Main Street, Suite 610
White Plains, New York 10601
(914) 946-2889 (Telephone)
(914) 946-2882 (Facsimile)